NEWMAN, Circuit Judge,
concurring in the judgment.
I agree with the court’s holding that the claims are not invalid on the ground of indefiniteness. However, the court creates an interesting, but flawed, new mode of analysis, whereby the adjudicator (1) first removes the challenged term from the claim, then (2)'decides-whether the claim has the same meaning without the challenged term, and (3) if the answer is “yes,” rules that the claim is not indefinite as a matter of law. Maj. Op. at 1230-32. This new style of claim construction will con *1234 found the already confused determination of patent rights. I write to protest this further inroad on a reasoned and reliable law of patents.
No precedent supports the court’s new protocol of claim construction, whereby definiteness of the claim is deemed proved because “if claim 1 of the ’3,561 patent ... were revised to remove the term “processing system,’, the meaning would not dis-cernably change.” Maj. Op. at 1229. The court criticizes the parties for arguing about the indefiniteness of “processing system” as resulting in a “peculiar scenario,” since, in the majority’s view, the term “processing system,” despite its presence in three clauses of claim 1 and other claims, “plays no discernable role in defining the scope of the .claims.” Id. However, claim 1 is for a “method of operating a processing system” by performing the six specified steps in the claim. This is not a peculiar scenario.
Cox argues that the term “processing system,” by its asserted indefiniteness, “would prevent the claims ... from serving their notice function,” Maj. Op. at 1231, based on the position that the term is not adequately supported by structure. The district court so found. The court today does not discuss this finding, instead simply holding that definiteness is determined by removing the challenged term from the claim in order to discover whether the claim has the same construction without the challenged term. I cannot discern how a claim can have the same meaning and scope with and without a critical term that limits three clauses of the claim. I show claim 1 of the ’3,561 .patent, with boldface added to the usages of “processing system”:
1. A method of operating a processing system to control a packet communication system for a user communication, the method comprising:
receiving a signaling message for the user communication from a narrowband communication system into the processing system;
processing the signaling message to select a network code that identifies a network element to provide egress from the packet communication system for the user communication;
generating a control message indicating the network code;
transferring the. control message from the processing system to the packet communication system;
receiving the user communication in the packet communication system and using the network code to route the user communication through the packet communication system to the network element; and
transferring the user communication from the network element to provide egress from the packet communication system.
’3,561 patent, claim 1 (emphases added).
I agree with the panel majority that'the use of functional terms is not an automatic badge of invalidity, and that the context, specification, and knowledge in the art must be considered. My concern is with the court’s method of analysis. Functional terms in patents are not prohibited, but they must meet the statutory requirements, including:
35 U.S.C. § 112(a) In general.—The specification shall contain a written description of the invention, and of the manner and practice of making and using it, in such full clear, concise, and exact terms as to enable an person skilled in the art to which it pertains ... to make and use the same, and shall set forth the best mode contemplated by the inventor ... of carrying out the invention.
*1235 (b) Conclusion.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor ... regards as the invention.
Here the patentee claimed a method of operating a processing system, comprising six steps. The court’s new analytical method, whereby the challenged term is removed from the claim and the court then decides whether the claim is of the same meaning and scope, Maj. Op. at 1230-31, is neither legally correct nor plausible.[1] I urge the court to return to the traditional method of claim analysis.
Under traditional claim analysis, I agree that the claims presented for review are not invalid on the ground of indefiniteness. The evidentiary record supports the conclusion that “processing system” had an understood meaning within the telecommunications industry, and the expert testimony and publications support the meaning as a “system that processes signaling to assist in call control,” Declaration of Stephen B. Wicker, Ph.D, at 32 (J.A. 989), and that it would be so understood by persons having ordinary skill in this field, Supplemental Wicker Declaration at 4 (J.A. 997).
The district court ruled that “processing system” is indefinite because of insufficient disclosure of the structure that performs each claim step. The district court stated that the physical structures were only “functionally described by the claims and in the specifications,” that they did not provide “a person of ordinary skill in the art ... with the bounds of the claimed invention,” and thus did “not pass muster under Nautilus.” Dist. Ct. Op. at 9-10.
The Nautilus question is whether “a patent’s claims, viewed in light of the specification and prosecution. history, inform those skilled in the art about the scope of the invention with reasonable certainty.” Nautilus, Inc. v. Biosig Instruments, Inc., — U.S. -, 134 S.Ct. 2120, 2129, 189 L.Ed.2d 37 (2014). The district court stopped short, for this court has elaborated that even for apparatus claims the “recitation of .,. function” is “highly relevant to ascertaining the boundaries” of a claim. Biosig Instruments, Inc. v. Nautilus, Inc., 783 F.3d 1374, 1383 (Fed. Cir. 2015). We explained that the “claim language, specification, and figures” should “provide sufficient clarity to skilled artisans as to the bounds of the disputed term.” Id. at 1382-83. The district court here focused inappropriately on structural limits, whereas these limitations are all steps in a method, not an apparatus. The operative criterion is whether the claim, read .in light of the specification and prosecution history, informs skilled artisans of the scope of the invention with reasonable certainty. Nautilus, 134 S.Ct. at 2129. Judicial determination of compliance with this requiremeiit is not achieved by deleting the challenged term from the claims.[2]
When method claims include functional limitations, the claims must meet the stát- *1236 utory requirements, including specificity and enablement. There is extensive precedent, in a variety of factual situations, guiding the analysis of whether the claim, viewed as a whole, “particularly point[s] out and distinctly claim[s] the subject matter which the invehtor or a joint inventor regards as the invention.” 35 U.S.C. § 112(b). The inquiry “focuses on whether those skilled in the art would understand the scope of the claim when the claim is read in light of the rest of the specification.” Energizer Holdings, Inc. v. Int'l Trade Comm’n, 435 F.3d 1366, 1370 (Fed. Cir. 2006).
Sprint points to the description in the specification, as support for the definiteness of the claimed processing system, The specification states that the processing system “comprises an interface that is external to the Switches,” ’3,561 Patent at 3:53-56, with a signaling translator, a processor, and associated memory for processing information to select network characteristics. ’3,561 Patent at 14:16-20 and FIG. 4. The patents describe Various known call processing systems in the prior art and explain how the claimed system physically connects to various telecommunications systems such as Signal Transfer Points, switches, and Service Control Points. Flow charts in the specification show interfaces and connections, links to other devices and switches and operational control systems, and transfers of signals. It is noteworthy that Cox does not challenge the individual claim steps but concentrates on the overall reference to “processing system.”
The evidentiary record and the law lead to the conclusion that the claims were not proved invalid on the ground of indefiniteness.[3] Although my colleagues today reach the correct result, their analytical path is not in accordance with law and should be rejected.

. The Majority states that it "does no such thing,” Maj. Op. at 1231 n. 3, although the deletions from the claims are highlighted on two pages of diagrams "omitpng]” the term, id. at 1231, without guidance as to limits, standards, and reasoning.

. This appeal was taken under Rule 54(b), thus, no other issues are before the court, as to either validity or infringement.